UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

United States of America,

    - against -

Arkady Yakubova,

        Petitioner.

----------------------------------------X

CR-00-0067 (CPS)

MEMORANDUM OPINION
AND ORDER

SIFTON, Senior Judge.

On March 10, 2000, *pro se* petitioner Arkady Yakubova ("Yakubova") pled guilty to conspiring to transport stolen motor vehicles in interstate commerce, in violation of 18 U.S.C. § 371. On October 5, 2000, I sentenced petitioner to a term of six months of imprisonment, followed by three years of supervised release. Six months of petitioner's supervised release was to be served under house arrest.[1] I also ordered that petitioner pay $53,259 in restitution, as required by statute.[2]

---

[1] Petitioner states that he served his term of house arrest in Atlanta, Georgia, where his wife and daughter reside.

[2] Under 18 U.S.C. § 3663A(1)(a),

> Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

18 U.S.C. § 3663A.

On January 10, 2001, shortly before petitioner was scheduled to begin serving his federal sentence, New York City Police arrested defendant for firearms offenses. Petitioner was convicted for these offenses in New York Supreme Court and was sentenced to an indeterminate prison term of three to six years.[3] By order dated July 15, 2005, I denied petitioner's request for a sentence modification, in which petitioner requested that I reduce his term of supervised release and revoke the restitution order.[4] Petitioner did not appeal the July 15, 2005 order.

On September 23, 2005, petitioner was paroled from state custody to the Department of Homeland Security for deportation proceedings. On February 9, 2006, an Immigration Judge granted petitioner's application for a deferral of his removal for proceedings under the Convention Against Torture.[5] Petitioner is not currently in custody and is under the supervision of the United States Probation Department in Central Islip. According to petitioner's February 14, 2007 letter, petitioner now has at

---

[3] Petitioner states that he served this sentence in four years and three months. *See* Yakubova Letter to Judge Sifton, dated Feb. 14, 2007, p. 2.

[4] Petitioner argued for a sentence modification partly on the basis of his having volunteered with a youth program, learned welding, and worked as a "forest worker" in a state park. Yakubova Letter to Judge Sifton, dated June 29, 2005, pp. 1-2. Petitioner also emphasized his intention to be a productive citizen and his desire to work to support his family. *Id.* at 2.

[5] Petitioner states that he was in administrative custody for fifteen months awaiting deportation, and that this period of fifteen months was "credited to my New York State Parole." Yakubova Letter to Judge Sifton, dated Feb. 14, 2007, p. 2.

least one month left on New York State Parole.[6]

By letters dated February 14, 2007 and April 11, 2007, petitioner renewed his application requesting the Court to modify his federal sentence. Defendant asks the Court: (1) to reduce the term of his supervised release and (2) to lift his restitution order.[7] Defendant also requests that this Court transfer his supervision to Atlanta, Georgia so that he may be with his wife and six-year-old daughter, and that the Court appoint counsel to assist him with this application.[8] For the reasons set forth below, petitioner's application is granted in part and denied in part.[9]

## Discussion

---

[6] Petitioner writes in his February 14, 2007 letter that "I am also currently on New York State Parole with [five] months remaining." Yakubova Letter to Court, dated Feb. 14, 2007, p. 2.

[7] In the alternative, petitioner requests that "the Probation Department [] receive payment for my restitution only when I am working." Yakubova Letter to Judge Sifton, dated April 11, 2007, p. 2.

[8] Regarding appointment of counsel, petitioner specifically requests that I "assign counsel to assist me [Yakubova] with my case and to have the proper paperwork filed to this Court for sentence modification and time credit as well as early termination of my sentence or restitution." Yakubova Letter to Judge Sifton, dated April 11, 2007, p. 2.

[9] On June 21, 2007, petitioner filed an opposition to the government's response because the government's response was untimely. *See* Petitioner's Opposition to Respondent's Untimely Filed Opposition Dated June 18, 2007. On May 14, 2007, I granted the government's motion for a 30-day extension to file a response to Yakubova's application, directing the government to file its response on June 11, 2007. The government filed its response on June 18, 2007, the return date for this motion. Given that petitioner's application was taken on submission, meaning that no oral argument would be scheduled to take place, I find that the government's one-week delay was not excessive, nor prejudicial to petitioner. *See Kendall v. Fisse*, 2004 WL 1196811, at *1 (E.D.N.Y. 2004) (determining that plaintiff's filing of opposition papers five days late was not an excessive delay, nor prejudicial). Accordingly, I will take the government's response into account in considering petitioner's application.

*Appointment of Counsel*

>Under 18 U.S.C. § 3006A(c),
>
>A person for whom counsel is appointed[10] shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings.

The Second Circuit has concluded that "ancillary matters . . . does not require the furnishing of Criminal Justice Act counsel in post-appeal motions for reduction of sentence . . . . The provision of counsel for such motions should rest in the discretion of the district court." *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995) (citing cases and noting that "even if Section 3006A(c) [were interpreted] to require new appointments whenever such a motion for reduction of sentence was made, it would nonetheless place large burdens of questionable value on the bar and the criminal justice treasury"). The Court of Appeals further noted that "[t]he apparent merits of the motion will no doubt be a significant factor in the exercise of that discretion." *Id.* at 465 n. 2. Appointment of counsel is not necessary for me to resolve petitioner's application. Because petitioner is *pro se*, I will read his submissions to raise the strongest claims they suggest. *See Triestman v.*

---

[10] Petitioner was appointed counsel during his criminal proceedings. *See United States v. Arkady Yakubova,* No. CR-00-0067, Docket Entry # 6, Calendar Entry for arraignment proceedings on February 18, 2000.

*Federal Bureau of Prisons*, 470 F.3d 471, 475-76 (2d Cir. 2006). Accordingly, petitioner's request for counsel is denied.

*Modification of Sentence*

Petitioner requests that I apply the fifteen months he served in administrative custody awaiting deportation as credit towards his term of supervised release. The government argues that petitioner's request is barred by the law of the case doctrine, which holds that

> a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.

*United States v. Hussein*, 178 F.3d 125, 130 (2d Cir. 1999). Since petitioner did not appeal the July 15, 2005 order denying his request to modify his sentence, the government argues, he waived his right to challenge that order at a later period.[11] The law of the case doctrine is discretionary, though the Second Circuit has noted that "the major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways v.*

---

[11] The government also argues that petitioner's request for credit for time served in administrative custody is "without merit." U.S. Attorney Letter to Judge Sifton, dated June 18, 2007. The government states that petitioner should "serve the full term of supervised release imposed by the Court to assist in his transition back into the community."

*National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Yakubova's fifteen months of detention constitute new evidence that did not exist at the time the July 15, 2005 order was issued. Under 18 U.S.C. § 3583(e),

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), . . . may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2). *See* Fed. R. Crim. Proc. 32.1. None of the factors to be considered under Section 3583(e) relate to receiving credit for time spent in official detention on a different charge after the sentence began. Under 18 U.S.C. § 3585,

> a defendant shall be given credit toward service of a term of imprisonment for any time he has spent in official detention *prior to the date the sentence commences* . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.

18 U.S.C.A. § 3585 (emphasis added). Because petitioner's period of administrative custody occurred after his sentence began, he cannot receive credit for this period of detention in connection with his period of supervised release. Accordingly, petitioner's request for modification of his sentence is denied.

*Restitution Order*

Petitioner argues that I should lift his restitution order because he is unable to obtain employment to pay the restitution. *See* Yakubova Letter to Judge Sifton dated Feb. 14, 2007, p. 1. Petitioner states that since his green card, which authorized him to seek employment, was revoked, he has been waiting for employment authorization from the Department of Homeland Security. The government has submitted evidence demonstrating that petitioner's request that the restitution order be lifted is now moot. On May 10 or 11, 2007, petitioner received his employment authorization card from the Department of Homeland Security. *See* Government's Exhibit A, Photocopy of Yakubova Work Authorization Card. The government has also submitted a letter from Alex Plishtiev, President of Daniel Shoe Repair, Inc., stating that he "will be employing Arkady Yakubova at my store as a person who is in charge of customer service personnel." Government's Exhibit B, Letter from Plishtiev to Whom It May Concern, dated June 12, 2007. In any event, I cannot lift the restitution order because it was statutorily mandated pursuant to 18 U.S.C. § 3663A.

In the alternative, petitioner requests that he not be required to pay restitution when he is unemployed. Under 18 U.S.C. § 3663(B)(I),

> [t]he court, in determining whether to order restitution ... and the amount of such restitution, shall consider: (I) the

   amount of the loss sustained by each victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

18 U.S.C. § 3663(B)(I). Currently employed and having previously made four restitution payments while petitioner had "gainful employment," Yakubova Letter to Judge Sifton, dated Feb. 14, 2007, p. 2, petitioner demonstrates that he has earning capacity. Moreover, there is no time limit on the payment of the restitution. Accordingly, I decline to modify the conditions of petitioner's restitution payments. *See U.S. v. Mann*, 234 F.3d 1270, 8 (6th Cir. 2000) (denying request to lift restitution of defendant in prison, unemployed, and of negative net worth because defendant had demonstrated his earning capacity in the past and because there was no limit on payment of restitution).

*Transfer of Supervision to Georgia*

  Petitioner requests that he serve his remaining period of supervised release in Atlanta, Georgia so that he may be with his wife and six-year-old daughter. Petitioner also served his period of house arrest in Atlanta, Georgia. The government does not oppose this request, stating that it "has been informed by Probation that they are prepared to transfer the defendant's supervision as soon as New York State Parole provides authorization for the defendant to leave the State. The assigned

Probation officer expects to receive authorization shortly." U.S. Attorney Letter to Judge Sifton, dated Jun. 18, 2007. Accordingly, petitioner's request to transfer his supervision to Atlanta, Georgia is granted, subject to the authorization of New York State Parole.

### Conclusion

For the reasons set forth below, petitioner's application is granted in part and denied in part. Petitioner's requests to have counsel appointed, to modify his sentence, and to lift the restitution order are denied. Petitioner's request for transfer of supervision to Atlanta, Georgia is granted, subject to the authorization of New York State Parole.

The clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Date: Brooklyn, New York
      June 25, 2007

By: /s/ Charles P. Sifton (electronically signed)
        United States District Judge